# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT  OF SOUTH CAROLINA

## COLUMBIA DIVISION

| | | |
|---|---|---|
| AARON WILLIAMS, | ) | |
| | ) | |
| | ) | **3:10-00564-MJP** |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **O R D E R** |
| MCKITHER BODISON, Warden of, | ) | |
| LIEBER CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before  the court on the petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil rule 73.02(B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Thomas Rogers for pre-trial proceedings and a Report and Recommendation.  The respondent opposes the petition for relief and has moved for summary judgment.   On November 30. 2010, the Magistrate Judge issued a Report and Recommendation (the Report).  In the Report, the Magistrate Judge recommends granting the respondent's motion for summary judgment.  The Magistrate Judge advised the petitioner of the procedures and requirements for filing objections to the Report  and the serious consequence if he failed to do so.  Petitioner has filed timely objections.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has

no presumptive weight, and the responsibility to make a final determination remains with the court. See Mathews v. Weber, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See. 28 U.S.C. § 636(b).

In the underlying matter, the petitioner is an inmate at Lieber Correctional Institution in Ridgeville, South Carolina. The petitioner was indicted in August 2003 by the York County Grand Jury for Burglary First Degree, Petit larceny, Financial Transaction Card Fraud, and Burglary in the First Degree. In February 2004 petitioner was indicted by the York County Grand Jury for Criminal Sexual Conduct. The petitioner went to trial on the underlying charges on June 8, 2004 and was represented by Harry Dest and B.J. Barrowclough  The jury found the petitioner guilty of all charges except the Criminal Sexual Conduct First Degree of which petition was found guilty of Assault and Battery of a High and Aggravated Nature . The trial judge sentenced the petitioner to thirty (30) years for Burglary 1st Degree, thirty (30) days for Petit Larceny, one (1) year for Financial Transaction Card Fraud NS , thirty years for Burglary 1st Degree, and ten (10) years for  Assault and Battery of a High and Aggravated Nature.  The sentences were run concurrently.

The petitioner filed an appeal with the South Court of Appeals by way of an Anders brief. On appeal he was represented by Joseph Savitz, Chief Appellate Attorney for the South Carolina Office of Appellate Defense. The only issue raised in the Anders brief was:

**The judge erred by failing to instruct the jury on a possible of guilty but mentally ill, as provided by S.C. code section 17-24-20.**

The petitioner's counsel certified to the South Carolina Court of Appeals that the appeal was without

merit and moved to be relieved as counsel. Thereafter, on May 22, 2007, the South Court of Appeals dismissed petitioner's appeal and granted appellate counsel's request to withdraw. The Remittitur was returned on June 7, 2007.

On April 14, 2007, the petitioner filed a *pro se* an application for post-conviction relief. An evidentiary hearing was held on February 2, 2008. Petitioner's court appointed attorney was relieved at the start of the hearing and petitioner proceeded *pro se.* The Post Conviction Court denied and dismissed petitioner's application for relief on March 9, 2009. In its Order of Dismissal, the Post Conviction Court notes that Petitioner alleged he was being held unlawfully for the following reasons:

1.  Ineffective Assistance of Counsel;

2.  Ineffective Assistance of Appellate Counsel.

Petitioner did not appeal the order of dismissal.

The petitioner filed the instant action for a *writ of habeas corpus* on March 5, 2010. He asserts the following grounds for relief.:

**Ground one**: Evidence of the Fort Mill police department case evidence case file was made under false pretenses against me.

**Supporting Facts**: The pictures of State's exhibit 9 non motion surveillance video of State's evidence from SB&T on 101 E. Tore Hall St. in Fort Mill, S.C. of me at the atm connected by a wall to that bank, was not of the atm bank, or immediate area of the atm or bank of that addressed'

**Ground two:** More evidence of the Fort Mill Police Department case evidence file was made under false pretense against me.

**Supporting facts**: The pictures of State's Exhibit 10 forced entry of burglary evidence of 211 Drane Circle in Fort Mill, S.C. was not of the apartment addressed as the burglary site or any place of the immediate area of that addressed.

**Ground three**: Indicative of the false evidence of the FMPD case evidence file being made to falsify a case primarily of 1st degree burgl [sic]against me.

**Supporting facts**: The 2nd investigation was over two hours after the 1st one ended and it took place only because a call from the daughter of the victim was made to the police dept. about her finding forced entry of burglary evidence because before the 2nd investigation police only evidence was the report from victim of the claimed crimes, but falsely made evidence exist, against me.

**Ground four**: Evidence of the 1st deg burgl [sic] being falsely made against me.

**Supporting facts**: The time entered on the form Incident Report in the pro-vision the Narrative began on it in was over 11 hours after the end of the 1st investigation but before the 2nd investigation began as the result of a 2nd call from the daughter of the victim police had only the report from the victim of the crimes as evidence of the claimed crimes being committed and the forced entry of burglary evidence the 2nd call was about the state's exhibit 10 but fake.

The respondent has moved for summary judgment asserting *inter alia* that the petition for relief is untimely under the Anti-Terrorism and Effective Death Penalty Act's one year statute of limitations and petitioner's grounds are procedurally barred on federal habeas review because they were procedurally defaulted in state court. Respondent contends that none of the issues presented to this Court were preserved at petitioner's trial, therefore, they are procedurally barred from federal habeas review. Wainwright v. Sykes, 433 U.S. 72, 87 (1977).

#### **Federal Rule of Civil Procedure 56(a) states**:

> A party may move for summary judgment, identifying each claim or defense... on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

**Fed. R. Civ.P. 56(a)**.

The party seeking summary judgment bears the burden of demonstrating to the court that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. Id. at 324. Conclusory allegations or denials, without more, are insufficient to prelude the granting of the

– 4 –

summary judgment motion.  <u>Ross  v. Communications Satellite Corp</u>., 759 F.2d 355, 365 (4th Cir. 1985).

The petitioner filed a memorandum on May 28, 2010, opposing the respondent's motion for summary judgment.  After reviewing the record, including the petitioner's memorandum, the Magistrate Judge issued his report.

In his Report, the the Magistrate Judge first addresses the Anti-terrorism and Effective Death Penalty Act and its Statute of Limitations.  28 U.S.C. § 2244.  The Anti-terrorism and Effective Death Penalty Act (AEDPA ) establishes  *inter alia*,  a one-year statue of limitations for filing habeas petitions.  Subsection (d) of the statute sets for the following:

(d)(1) A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitations period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action  in violation fo the Constitution or laws of the United States is removed, it the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme court, if the right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Fourth Circuit Court of Appeals has held that the statute of limitations period  in a habeas petition is not jurisdictional, but instead is subject to the doctrine of equitable tolling. Equitable tolling occurs if a petitioner can show that "(1) ...he has been pursuing his rights diligently, and (2)

that some extraordinary circumstances stood in his way" which prevented him from filing timely. Pace v. DiGulielmo, 544 U.S. 408, 418 (2005).

In this case, the Magistrate Judge concluded that the petitioner's conviction became final with the return of the Remittitur on June 7, 2007. The Magistrate Judge found that the petitioner did not file his application for Post Conviction Relief until August 14, 2007. Therefore, 68 days of time passed before the petitioner filed his application for post conviction relief. The filing of the application for post conviction relief tolled the federal statute of limitations. The post conviction relief action was dismissed by the state court on March 16, 2009, when the Order of Dismissal was filed with the York County Clerk of Court and the Clerk of Court mailed the petitioner notice of the entry of the judgment. Then giving the petitioner three(3) days for delivery of the Order of Dismissal by mail, the thirty (30) days to appeal the Order of Dismissal under state law would have begun to run on March 20, 2009. The Order of Dismissal would have become final thirty (30 ) days from March 20, 2009 on April 18, 2009. The AEDPA one-year statute of limitations time clock would have begun to run again on April 19,2009. The Magistrate Judge noted that the envelope in which the instant petition was received by this Court shows that it was delivered for mailing on March 3, 2010. Using that date as the filing date, an additional 319 days of untolled time had lapsed. Thus, a total of 387 days of untolled time lapsed between the date that the petitioner's conviction became final and the date the petitioner filed his petition for habeas corpus relief with this Court. Thus , the Magistrate judge determined that petitioner's application for habeas relief is untimely under the AEDPA unless he can set forth that facts supportive of equitable tolling to justify why the lateness of his petition for habeas relief. After reviewing the record, the Magistrate Judge concluded that the petitioner had not provided the Court with a facts that would justify equitable tolling of the AEDPA's statute of limitations and that his habeas corpus petition was untimely.

The petitioner has objected to the Magistrate Judge's Report.  However, petitioner's objections are non-specific. He does not suggest that the  statute of limitations should be tolled because he  has been pursuing his rights diligently nor does he assert that some extraordinary circumstance stood in his way and prevented timely filing.  Lawrence v. Florida, 549 U.S. 327 (2007). Instead, the petitioner  restates his grounds for relief. Objections to the Report must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v.  Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation.   See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).   After reviewing the record in this court concurs with the Magistrate Judge that the date petitioner's conviction became final was on June 7, 2007.  Furthermore, the court  agrees with the Magistrate Judge's conclusion that the petitioner has not set forth any facts to justify why the statute of limitation set forth in the AEDPA should be tolled and that his  habeas petition is untimely.

Next,  the Magistrate Judge's Report gave a comprehensive discussion of  exhaustion and procedural bypass.  They are separate theories operating in a similar manner.  Both require a habeas petitioner to submit his claim for relief to the state court before the federal court can consider the claim. The discussion covers the legal doctrines of exhaustion, procedural bypass, the manner in which exhaustion and procedural bypass are interrelated, the means by which a petitioner may be relieved from a defaulted claim, and procedural default.  After reviewing the record, the Magistrate Judge determined that the grounds set forth in petitioner's habeas petitioner are procedurally barred because they were procedurally defaulted in state court.  The petitioner's objections fail to address this determination by the Magistrate Judge.  Since the petitioner has not made a specific objection

to this portion of the Magistrate Judge's Report, the Court incorporates by reference the Magistrate Judge's discussion of these doctrines and the law that underlies them.

For the foregoing reasons, the Court approves  the Report of the Magistrate Judge. Accordingly, it is hereby ORDERED that respondent's motion for summary judgment is GRANTED. The petition for habeas corpus relief is DISMISSED.

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue... only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability.. Shall indicate which specific issue or issues satisfy the showing required by paragraph (2)

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED**.


**s/Matthew J. Perry, Jr.**
**SENIOR UNITED STATES DISTRICT JUDGE**


**Columbia, South Carolina,**
**March 30, 2011**